UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KAREN ANN LALA                                           CIVIL ACTION

VERSUS                                                   No. 09-6861

BRIAN SULLIVAN, HENRY LAURENT,                           SECTION I
CHIEF OF POLICE WARREN J. RILEY, &
THE CITY OF NEW ORLEANS

## ORDER AND REASONS

Before the Court is a motion for partial summary judgment filed by plaintiff, Karen Ann Lala ("Lala"). Defendants have filed an opposition. For the following reasons, the motion[1] is **DENIED.**

### *BACKGROUND*

In her first amended complaint, Lala alleges that on April 1, 2007, defendants, Officer Brian Sullivan ("Sullivan") and Officer Henry Laurent ("Laurent") of the New Orleans Police Department, encountered Lala in the 500 block of Elmira Street, New Orleans, Louisiana. Lala avers that she refused to talk to the officers and, instead, walked into her home located at 507 Elmira Street.

Lala alleges that the officers pursued Lala into her home, kicking the door open and in the process breaking the latch on the door. According to her complaint, the officers "took [p]laintiff by the hair, pulling her to the ground," and Sullivan yelled, "'Where are the drugs?

---

[1] R. Doc. No. 44.

1

Where are the drugs?'"[2] Plaintiff states that the officers arrested her for public intoxication and for resisting arrest.[3]

According to Lala, the officers subsequently searched the premises for drugs. Lala states that she "vigorously protested her arrest, the search and her treatment" and that, in response, the officers "shoved a rag full of turpentine into [her] mouth."[4] The officers searched Lala's purse and, according to Lala, "claimed to find one piece of crack and a spoon with brown residue."[5]

Lala alleges that she was taken to the Orleans Parish Prison on the date of her arrest, i.e., April 1, 2007.[6] On May 7, 2007, Lala was charged by bill of information with possession of cocaine, according to plaintiff's complaint.[7] Prior to trial, Lala filed a motion in limine seeking to prevent the state from introducing a spoon containing heroin residue. The trial court denied the motion to suppress on the ground that the spoon constituted *res gestae* evidence. *See State of Louisiana v. Lala*, 1 So. 3d 606, 607 (La. App. Ct. 2008).

On October 9, 2007, a jury convicted Lala of possession of cocaine and on November 8, 2007, she was sentenced to 18 months at hard labor. Lala appealed her conviction to the Louisiana Fourth Circuit of Appeal and, on December 3, 2008, that court held that Sullivan's pursuit of Lala into the home was unreasonable and it reversed the trial court's denial of the defendant's motion to suppress. *Lala*, 1 So. 2d at 615.

---

[2]R. Doc. No. 6, p. 3.

[3]*Id.*

[4]*Id.* at pp. 3-4.

[5]*Id.* at p. 4.

[6]*Id.*

[7]*Id.*

## LAW AND ANALYSIS

**I.     STANDARD OF LAW**

*A. Summary Judgment*

Summary judgment is proper when, after reviewing "the pleadings, the discovery and disclosure materials on file, and any affidavits," the court determines there is no genuine issue of material fact. Fed. R. Civ. P. 56(c). The party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The party seeking summary judgment need not produce evidence negating the existence of material fact, but need only point out the absence of evidence supporting the other party's case. *Celotex*, 477 U.S. at 323; *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986).

Once the party seeking summary judgment carries its burden pursuant to Rule 56(c), the other party must come forward with specific facts showing that there is a genuine issue of material fact for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The non-moving party must carry this burden as to each essential element on which it bears the burden of proof. *Schaefer v. Gulf Coast Regional Blood Center*, 10 F.3d 327, 330 (5th Cir. 1994). The showing of a genuine issue is not satisfied by creating "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). Instead, a genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party responding to the motion for summary judgment may not rest upon the pleadings, but must identify specific facts that establish a genuine issue. *Id.* The nonmoving party's evidence, however, "is to be believed, and all justifiable inferences are to be drawn in [the nonmoving party's] favor." *Id.* at 255; *see Hunt v. Cromartie*, 526 U.S. 541, 552 (1999).

    *B. False Arrest*

As the Louisiana Supreme Court has explained, "Wrongful arrest, or the tort of false imprisonment, occurs when one arrests and restrains another against his will and without statutory authority." *Kennedy v. Sheriff of East Baton Rouge*, 935 So.2d 669, 690 (La. 2006) (citing *Kyle v. City of New Orleans*, 353 So.2d 969 (La. 1977)). "The tort of false imprisonment consists of the following two essential elements: (1) detention of the person; and (2) the unlawfulness of the detention." *Id.* (citing *Tabora v. City of Kenner*, 650 So.2d 319, 322 (La. App. Ct. 1995), *writ denied*, 651 So.2d 843).

    **II. ANALYSIS**

Lala contends that partial summary judgment is appropriate with respect to her state law false arrest claim because the Louisiana Fourth Circuit Court of Appeal held that "Sullivan's hot pursuit of the defendant was not supported by probable cause for an arrest at the time he entered the home."[8] Lala's motion for partial summary judgment presumes that defendants are precluded from relitigating the issue of whether probable cause existed for the arrest.

"In deciding the preclusive effect of a state court judgment in federal court," federal courts "must look to the state that rendered the judgment to determine whether the courts of that state

---

[8] R. Doc. No. 44-1, p. 5 (quoting *Lala*, 1 So. 3d at 610).

4

would afford the judgment preclusive effect." *Fahrenholtz v. Dardenne*, 337 F. App'x 439, 441 (5th Cir. 2009) (internal quotations omitted). Therefore, Louisiana law governs whether res judicata applies.[9] [10] Under Louisiana law, res judicata is present when the following requirements are satisfied:

> (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same;[11] (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation.

*Burguieres v. Pollingue*, 843 So.2d 1049, 1053 (La. 2003) (citing La. Rev. Stat. 13:4231).

The requirement that the parties be the same in both suits means that there must be identity of parties. The parties are the same when they appear in the same capacities in both suits

---

[9] The doctrine of res judicata is set forth in Louisiana Revised Statute 13:4231which provides:
> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
> (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
> (2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
> (3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

[10] As explained by the court in *Maschek v. Cartemps USA*:
> Louisiana Revised Statute 13:4231 embraces the broad usage of the phrase "res judicata" to include both claim preclusion (res judicata) and issue preclusion (collateral estoppel). Under claim preclusion, a res judicata judgment on the merits precludes the parties from relitigating matters that were or could have been raised in that action. Under issue preclusion or collateral estoppel, however, once a court decides an issue of fact or law necessary to its judgment, that decision precludes relitigation of the same issue in a different cause of action between the same parties. Thus, res judicata used in the broad sense has two different aspects: 1) foreclosure of relitigating matters that have never been litigated but should have been advanced in the earlier suit; and 2) foreclosure of relitigating matters that have been previously litigated and decided.

896 So.2d 1189, 1193 (La. Ct. App. 2005).

[11] Unlike the federal rules, Louisiana's issue preclusion requires mutuality of the parties. *Williams v. City of Marksville*, 839 So.2d 1129, 1132 (La. App. Ct. 2003).

or when a "privy" of one of the parties is involved. *Id.* at 1054, 1054 n. 3. The parties need only be identical "in the legal sense of the word." *Austin v. Markey*, 2 So.3d 438, 440 (La. App. Ct. 2008). "'Privity' is the successive relationship to the same right of property, such as when one acquires an interest in the subject matter affected by the judgment through one of the parties, as by inheritance, succession, purchase, or assignment." *Id.* (citing *Smith*, 889 So.2d at 1287).

In this case, the parties are not identical because the defendants were not parties to the first action. Although the State of Louisiana was a party to the first action, plaintiff has not demonstrated that the State of Louisiana and defendants are in privity. *See McCoy v. Hernandez*, 203 F.3d 371, 374-75 (5th Cir. 2000).[12] As in *McCoy*, the defendants did not control the criminal proceedings and the defendants had no personal interest in the outcome of the state proceedings. The individual defendants are not in the same capacity in this case as they were in the state

---

[12]In *McCoy*, the Fifth Circuit, applying Texas law, found that privity of parties did not exist between the State of Texas, a party to the first action, and police officers who were not parties to the first action and who were named defendants in the second action. 203 F.3d at 374-75. The Fifth Circuit explained:

> In the present case, privity of the parties is the central question in determining whether collateral estoppel may be asserted against the defendant officers. The officers were not parties to the criminal proceedings, because that action was brought against McCoy by the State of Texas. Therefore, in order to successfully assert collateral estoppel, McCoy must demonstrate that the officers were in privity with the state. Parties are in privity for the purposes of collateral estoppel when: (1) they control an action even if they are not parties to it; (2) their interests are represented by a party to the action; or (3) they are successors in interest, deriving their claims through a party to the prior action. *HECI Exploration Company v. Neel*, 982 S.W.2d 881, 890 (Tex. 1998).
>
> Applying these factors to the present case it is clear that the officers were not in privity with the State of Texas which was party to the criminal proceedings. First, the officers did not control the criminal proceedings. The officers were merely witnesses for the state in their prosecution of McCoy. The officers did not participate in the questioning of witnesses, influence the planning of trial strategy, nor could they appeal the ruling of the court at the suppression hearing. Next, the State of Texas did not represent the officers' interests. The State of Texas's primary objective in the criminal proceedings was to secure a conviction of McCoy, not to demonstrate that the officers had performed their functions properly. Obviously, showing that the search of McCoy's home was legal was important for the state's case. However, the state was not directly representing the officers' interests. Finally, the officers were not successors in interest to the state. Therefore, McCoy has failed to establish that the officers were in privity with the state, and thus the district court properly refused to apply the doctrine of collateral estoppel.

*Id.*

criminal proceedings. Furthermore, the City of New Orleans was not a party to the state criminal proceedings.

Because the state court judgment in *State of Louisiana v. Lala* does not have a res judicata effect on plaintiff's false arrest claim against defendants and because plaintiff has identified no other evidence to establish the elements of her claim, a grant of partial summary judgment is not appropriate at this time.[13]

### III. CONCLUSION

**IT IS ORDERED** that the motion[14] for partial summary judgment is **DENIED.**

New Orleans, Louisiana, August 13, 2010.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[13] Accordingly, this Court need not address defendants' other arguments in opposition to plaintiff's motion for partial summary judgment. Indeed, many of defendants' arguments are more properly the subject of dispositive motion.

[14] R. Doc. No. 44.